UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALI ESSEILY,

          Plaintiff,                      CIVIL ACTION NO. 04 CV 72196 DT

     v.                           DISTRICT JUDGE NANCY G. EDMUNDS

CITY OF GARDEN CITY,           MAGISTRATE JUDGE VIRGINIA MORGAN

          Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant's motion to dismiss.  Plaintiff filed this action *pro se* against the defendant, the city of Garden City.  Plaintiff alleges the City violated his constitutional rights in connection with use of his property because the City's repair of the road in front of his gas station took a protracted period of time.  The road construction project began in 1998 and was completed in 2000, a two-year process that plaintiff states he was told would take two months.  Plaintiff did not file this lawsuit until June 14, 2004.  Defendant moves to dismiss under F.R.C.P. Rule 12(b)(6) on the grounds that the action is barred by the three-year statute of limitations applicable to claims brought under 42 U.S.C. §1983.  Defendant also argues that the action should be dismissed on the merits, because plaintiff has failed to identify a custom, practice, or policy which is the moving force behind the constitutional violation.  For the

- 1 -

reasons discussed in this Report, it is recommended that the defendant's motion be granted as time barred, and the case dismissed with prejudice but without costs or fees.

Defendant contends that plaintiff's pro se complaint fails to state claims upon which relief can be granted.  In reviewing the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), the court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein.  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Dismissals of complaints under the civil rights statutes are scrutinized with special care, Brooks v. Seiter, 779 F.2d 1177, 1180 (6th Cir. 1985), and pro se complaints are held to "less stringent standards" than those drafted by attorneys, Haines v. Kerner, 404 U.S. 519, 520 (1972). However, it is not the role of the court to guess the nature of the claim(s) asserted.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  A rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101 (1957).  As noted by defendant, the standard of review of a motion brought pursuant to Rule 12(b)(6) is whether, construing the complaint in the light most favorable to plaintiff and accepting all the complaint's factual allegations as true, plaintiff can prove any set of facts in support of his claim that would entitle him to relief.  Ziegler v. IBP Hog Market, Inc. 249 F 3d 509, 511-512 (6th Cir. 2001).

In determining a statute of limitations for § 1983 actions, courts are to apply the state's statute of limitations for personal injury.  In Michigan, that is three years.  Wilson v. Garcia, 471 U.S. 261 (1985).  It is well-established that Michigan's three year statute of limitations applies to

- 2 -

§1983 claims.  Carroll v. Wilkerson, 782 F.2d 44 (6th Cir. 1986).   Although the state law

determines the time plaintiff has to file, the accrual date (that is, when the time begins to run) is a

question of federal law.  Kurzawa v. Mueller, 547 F. Supp. 1254 (E.D. Mich. 1982).  Under

federal law, a cause of action accrues when plaintiff  knows or has reason to know of the injury

that is the basis for the action.  Friedman v. Estate of Presser, 929 F.2d 1151 (6th Cir. 1991).

Plaintiff is charged with the duty of reasonable diligence in discovering his injury.  See, Sevier v.

Turner, 742 F.2d 262, 273 (6th Cir. 1984).  In this case, the latest accrual date by which plaintiff

clearly knew or had reason to know of the injury was completion of the project in 2000.

Arguably, plaintiff knew well before then because he submits that in 1998 he was told it would

take only two months.  Nevertheless, he did not file this action until June 14, 2004, well beyond

the three year time period.  Thus, his claim is barred by the statute of limitations.

Even if the action were timely, it does not appear that plaintiff could prevail.  Plaintiff

alleges a violation of unspecified constitutional rights under 42 U.S.C. § 1983.  In any Section

1983 action, the initial inquiry must focus on whether two essential elements are present:

whether the conduct complained of was committed by a person acting under color of state law;

and whether this conduct deprived the person of rights, privileges or immunities secured by the

Constitution or laws of the United States.  42 U.S.C. §1983; Parratt v. Taylor, 451 U.S. 527, 101

S.Ct. 1908 (1981); Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980); Jones v.

Duncan, 840 F.2d 359, 361-62 (6th Cir. 1988).  Absent either element, a Section 1983 claim will

not lie.  Christy v. Bandlett, 932 F.2d 502, 504 (6th Cir. 1991).  Section 1983 is not itself a

source of substantive rights, but rather it is a means of vindicating federal rights established

elsewhere.  See Albright v. Oliver, 510 US 266, 271 (1994)(plurality opinion).  By the terms of

the statute, under Section 1983, the court may impose monetary liability on a person responsible

for the deprivation of rights secured by the Constitution and federal law.  Despite these

limitations, the Supreme Court has held that a municipality may be liable for damages under

section 1983 for violations of federal law that occur pursuant to an official government policy or

custom.  Monell v. Dept of Soc. Services, 436 US 658, 690-691 (1978).  That custom, practice,

or policy must be the moving force behind the constitutional violation.  Monell at 694; see also

City of Canton v. Harris, 489 U.S. 378, 390 (1989).  Plaintiff must identify the policy, connect

the policy to the City itself, a and show that a particular injury was incurred because of the

execution of that policy.  Garner v. Memphis Police Dept. 8 F.3d 358, 364 (6th Cir. 1993).

Plaintiff points to no such custom, practice or policy.

        Assuming for the purpose of argument, that plaintiff's claim would be a property

deprivation claim (which it appears to be), plaintiff must show that he was deprived of his

property without due process of law.   To the extent to which plaintiff alleges a violation of

procedural due process, such a claim raises the issue of whether state law procedural protections

are constitutionally adequate.  The due process clauses of the Fifth and Fourteenth Amendments

mandate that a person may not be deprived of life, liberty, or property without a meaningful

opportunity to be heard.  See, Parratt v. Taylor, 451 U.S. 527, 540, 101 S.Ct. 1908 (1981).

Litigation over procedural due process rights essentially involves two issues:  the quantum of

process which is constitutionally required for specific types of deprivations and the types of

- 4 -

interests which trigger due process protection.  See, Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904 (1989).

Further, in order to bring an action under §1983, plaintiff must plead and prove that there are no adequate remedies at state law.  Vicory  v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1993). Plaintiff has not indicated any inadequacies in the state's remedies or city's procedures.

The facts underlying the action show that plaintiff was and is clearly frustrated by the inaction of the City.  The complaint could be read to allege that there was a dispute between the contractor and the subcontractors over payment, and that because of contractor's failure to pay, the subs either walked off or slowed down the job.  According to plaintiff's allegations, the mayor told him that it was the contractor's fault and that he should sue the contractor for failure to pay on time.  The City posted traffic signs during construction which made it inconvenient for customers to use his gas station.  In addition, the City had contracted to place a small wall with the name of the town in the front of plaintiff's business and its completion apparently added to the project's delay.  Plaintiff is understandingly upset and angry with the construction project, but based on the record before the court, there is no showing that at this time, he can bring an action against the City under §1983.

Accordingly, it is recommended that the defendant's motion be granted and case be dismissed with prejudice.  Because plaintiff is *pro se* and there has not been substantial motion practice, it is further recommended that the dismissal be entered with an order directing each side to bear their own costs and fees.  There does not seem to be any reasonable grounds to impose taxable costs or other fees.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


  s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:   May 11, 2005

- 6 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALI ESSEILY,

          Plaintiff,                      CIVIL ACTION NO. 04 CV 72196 DT

     v.                             DISTRICT JUDGE NANCY G. EDMUNDS

CITY OF GARDEN CITY,           MAGISTRATE JUDGE VIRGINIA MORGAN

          Defendant.
_____/

## **REPORT AND RECOMMENDATION**

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on Ali Esseily and the attorneys of record by electronic means or U.S. Mail on May 11, 2005.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Morgan